## G. C. Dodson v. L. H. Dodson, et al.

(Decided February 8, 1927.)

### Appeal from Wayne Circuit Court.

Appeal and Error—Heir Having Relied on Purchase of Note in Administrator's Suit for Settlement May Not on Appeal Claim Transaction was Gift.—Where one of heirs in administrator's suit for settlement had disclaimed gift of certain note and relied entirely on its purchase, he will not be permitted on appeal to change his position and claim that note should be treated as a gift with a view to settlement in life, in view of finding that assignment was made without consideration.

DUNCAN & BELL for appellant.

BERTRAM & BERTRAM and J. M. KENNEDY for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

George W. Dodson died intestate in the year 1920, at the age of 91 years. He had no realty and his administrator collected $3,865.41 of personalty, and paid the indebtedness due by the estate but was unable to make distribution on account of dissensions among the heirs as to the amount of advancements made by the decedent during his lifetime. To determine this matter he filed a suit for settlement and asked a reference to the commissioner to take proof and report. G. C. Dodson answered, denying any advancements to him or indebtedness by him or a necessity for the reference.

The other five heirs filed a joint answer which was made a cross-petition against G. C. Dodson in which they claimed that the personal property was largely in excess of the amount collected by the administrator. In the first paragraph of their pleading it was alleged that in the year 1900 the deceased conveyed a tract of land to G. C. Dodson of the value of $5,000.00 as an advancement, no other consideration being paid therefor; that he also advanced to each of his other five children the sum of $1,000.00 or its equivalent, and it was sought to charge G. C. Dodson with the sum of $4,000.00 as an excess advancement. In the second paragraph it was charged that G. C. Dodson converted to his own use $1,800.00 in gold belonging to deceased.

In the third paragraph it is alleged that G. C. Dodson lived with his father after the year 1900; that in November, 1919, at a time when decedent was feeble in mind and body and under the control of G. C. Dodson, the latter wrongfully and unduly influenced him to transfer and assign to him a note secured by mortgage on one Adderholt for the sum of $907.00, which was done without any consideration, good or valuable. Recovery was sought for the estate for this sum. G. C. Dodson traversed the allegations of the cross-petition, pleaded affirmatively that the consideration for the land conveyed him was $1,600.00, and that this sum was its reasonable value at that time; that of this $1,000.00 was given as an advancement, and that in addition thereto he executed a note for $600.00 which he later paid decedent; he also pleaded that he purchased the Adderholt note for a good, valuable and adequate consideration.

A large amount of testimony was taken and, as is usual in such cases, it is more or less conflicting. The chancellor held (1) that the farm conveyed to G. C. Dodson was of the reasonable value of $3,500.00 at the time of the deed; that he had paid $600.00 thereon, leaving the sum of $2,900.00 as an advancement to him, and that he had thus received an advancement of $1,900.00 in excess of that received by each of the other heirs. (2) That he had not converted any of the $1,800.00 in gold as claimed by the other heirs. (3) That the Adderholt note was assigned and transferred to G. C. Dodson without any consideration, and he was adjudged to pay that note and its accumulated interest to the personal representative, and not permitted to share in the estate until the other heirs had been equalized to the extent of the $1,900.00 excess advancement he had received. G. C. Dodson appeals and there is no cross-appeal.

While the evidence is conflicting as to the value of the land, appellant concedes that there is sufficient evidence to uphold the finding of the chancellor on the first item and is not urging a reversal as to it. (2) No appeal is prosecuted from the chancellor's ruling on this item. (3) It is strongly contended that the chancellor erred in rendering a personal judgment against appellant for the amount of the Adderholt note. The ground of insistence is that it is not shown in the evidence, and that the chancellor does not hold that G. W. Dodson did not have sufficient mentality to assign and transfer the

note in question, or that such assignment was procured by undue influence, and that as the finding of the chancellor was that the assignment was made without consideration, it should be treated as a gift with a view to a settlement in life; that is, as an advancement, and not as a debt due the estate. However, appellant does not claim in his testimony that his father made him a gift of this note, and his conclusion of law is rebutted by his own evidence and also by his pleadings. Thus in the original answer to the petition of the administrator he pleaded: "Denies that insofar as he is concerned that the plaintiff cannot make a full and complete settlement of said estate; denies that there is or has ever been any advancements made to him by the defendant, G. W. Dodson." And in his reply to the cross-petition of the other heirs he pleads: "Denies that he actually or at all received from his father, G. W. Dodson, deceased, the sum of $4,000.00 or any other sum more than any of the other children of said decedent; denies that *any advancement had been made to him for which he has not been charged by the decedent*, and denies that there is any excess advancements that should be charged against him now; denies that he should be charged with the sum of $4,000.00 or any other sum or at all before he receives any part or portion of the estate of said decedent;" and in the same pleading in reference to the Adderholt note says: "That when said note was assigned to him, he paid to the said G. W. Dodson a full and adequate consideration for said note." Having thus disclaimed any gift of the note in question and having relied entirely upon its purchase, he will not be permitted now to change his position and claim otherwise.

Wherefore, the judgment is affirmed.